UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| COLUMBUS SMITH, JR. | CIVIL ACTION NO. 04-1906-A |
|---|---|
| -vs- | JUDGE DRELL |
| COMMISSIONER US SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE KIRK |

J U D G M E N T

Before the Court is the Magistrate Judge's Report and Recommendation suggesting this case be remanded to the Commissioner of Social Security for a more detailed vocational assessment. (Document No. 9.) After reviewing the entire file in this matter, the Court concurs in part with the Magistrate Judge's findings under the applicable law. However, for the reasons set forth herein, the Court disagrees with the Magistrate Judge's recommendation of remand. Therefore, this Court will adopt the Magistrate Judge's Report and Recommendation subject to the modifications outlined below.

Contrary to the Magistrate Judge's statement in footnote 10 of the Report and Recommendation, the record does contain additional evidence regarding Plaintiff's ability to read, write, and analyze issues. Specifically, during the hearing, the Administrative Law Judge asked Mr. Smith if he had any problems

reading or writing, and he responded only that he does not "read very well." (R., p. 219.) Plaintiff did not articulate any difficulties with writing. Additionally, Mr. Smith testified he had been able to complete the written test to obtain his driver's license. (R., p. 220.) Dr. Steiner, the consultative orthopaedic surgeon who evaluated Plaintiff after the hearing, found decreased sensation over the tips of the index and long fingers on Mr. Smith's right hand and an absence of the tips of the ring and little fingers on that same hand. In light of these deficiencies, Dr. Steiner recommended Plaintiff engage in sedentary or light work, and he assigned only occasional limitations to Mr. Smith's abilities to finger and feel with the right hand. (R., Ex. 8F, pp. 199-204.) Further, the Disability Report completed at the Field Office following a face-to-face interview with Plaintiff in August 2002 shows Mr. Smith had no difficulties reading, understanding, concentrating, answering, using his hands, or writing. (R., Ex. 2E, pp. 72-75.) Finally, Mr. Smith does not contend in his Application for Disability Insurance Benefits or in any of the accompanying documentation that his hands limit his ability to perform work-related activities. (R., pp. 52-71.)

The Magistrate Judge also expressed concern that Plaintiff's hand injury and other potential vocational limitations, such as Mr. Smith's alleged difficulty getting into and out of cars, his "skin disorder," his restricted driving ability, and his push/pull limitations were not properly considered by the vocational expert. However, the hypothetical questions presented to the vocational expert

2

specifically addressed the push/pull limitations, the hand injury and its accompanying restrictions, as well as Plaintiff's need to change positions relatively frequently and exercise a sit/stand option. The vocational expert did not testify that any of these factors eroded the available job base. (R., pp. 249-250.) The existence of the investigator/adjuster position made it unnecessary for the Administrative Law Judge to question the vocational expert regarding Plaintiff's alleged vehicle-related limitations. Similarly, because Plaintiff has no "severe" skin impairment, additional vocational information in that area is not needed.

For these reasons, the Court finds substantial evidence does exist in the record to support the Commissioner's decision that Plaintiff is not entitled to a period of disability or Disability Insurance Benefits under Sections 216(i) and 223, respectively, of the Social Security Act.

Accordingly, IT IS ORDERED that the decision of the Commissioner is AFFIRMED, Plaintiff's Application for Disability Insurance Benefits is DENIED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

SIGNED on this 9th day of September, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge